IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO. 07-CV-04836 |
| CHRISTOPHER YOUNG | : | |
| | : | |
| Defendant. | : | |

GOLDEN, J.                                                                                               SEPTEMBER 22, 2008

**MEMORANDUM OPINION**

Defendant moves the Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(7) for failure to join an indispensable party. He asserts that the failure to join deprives the Court of subject matter jurisdiction and the Complaint should be dismissed pursuant to FRCP 12(b)(1). For the reasons stated herein, the Court has determined that Karen Romano, the Plaintiff in the underlying action, is not an indispensable party under FRCP 19. Thus, Defendant's motion to dismiss is denied.

BACKGROUND

Plaintiff in this declaratory judgment action seeks clarification of its rights with regard to its duty to defend or indemnify Defendant against claims asserted in a lawsuit brought by Karen Romano, in her individual capacity and as a parent and legal guardian of minor child Sierra Cardwell, in the United States District Court for the Eastern District of Pennsylvania, Civil Action, No. 07-1708 ("the Underlying Action"). In the Underlying Action, Romano alleges that Young, a former Plainfield Township police officer, engaged in repeated sexual contact with the

minor Sierra Cardwell.¹  Romano also alleges that Young denied the accusations regarding his sexual contact with the minor and defamed Romano by falsely claiming he had sex with her.

Plaintiff's request for declaratory relief relies on a number of provisions in the insurance policy it issued to Defendant, including a sexual abuse and/or molestation exclusion.

## LEGAL STANDARD

Pursuant to FRCP 12(b)(7), the Court may dismiss an action for failure to join an indispensable party as provided for in FRCP 19.  Determining whether a party must be joined under FRCP 19 requires a two-step analysis.  First, the court must determine whether an absent party is "necessary" to the dispute under FRCP 19(a).²  Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993).  Second, if the absent party is "necessary" but joinder is not feasible because it would destroy diversity, the Court must decide whether the absent party is "indispensable" under Rule 19(b).  Id. at 405 ("[A] holding that joinder is compulsory under Rule 19(a) is a necessary predicate to a district court's determination under Rule 19(b) that the case must be dismissed because joinder of the party is not feasible and the party is indispensable to the just resolution of the controversy.").  If a court does not find that a party is "necessary" to the proceedings, the party is, by definition, not "indispensable" to the action.  See Fed. R. Civ. P. 19; Janney Montgomery Scott, Inc., 11 F.3d at 404.  The burden is on

---

¹ Young pled guilty to felony statutory sexual assault in the Court of Common Pleas of Northampton County on March 5, 2007.

² Fed. R. Civ. P. 19(a)(1) considers a party "necessary" if:
    (A) in that person's absence, the court cannot accord complete relief among existing parties; or
    (B) that person claims an interest relating to the subject of the action and is so situated that the disposing of the action in the person's absence may:
        (i)  as a practical matter impair or impede the person's ability to protect that interest; or
        (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

the moving party to demonstrate why the absent party should be joined.  Core Constr. & Remediation, Inc. v. Vill. of Spring Valley, No. 06-1346, 2007 WL 2844870, at *7 (E.D. Pa. Sept. 27, 2007).

## ANALYSIS

Romano is not a "necessary" party to these proceedings under either FRCP 19(a)(1) or 19(a)(2).  First, the Complaint does not state any allegations or make any claims against Romano.  The Complaint simply asks the Court to interpret an insurance policy issued by Plaintiff to Defendant.  Therefore, Plaintiff and Defendant are the only parties involved in the dispute over the terms of the insurance policy at issue.  Romano, on the other hand, bears no legal relationship to the insurance policy and complete relief can be granted in her absence.  Accordingly, Romano is not a necessary party under FRCP 19(a)(1).  See Spring-Ford Area Sch. Dist. v. Genesis Ins. Co., 158 F. Supp. 2d 476, 483 (E.D. Pa. 2001) (conducting same analysis under similar facts resulting in same conclusion).

Second, Romano does not have "an interest relating to the subject of the action."  Under FRCP 19(a)(2), a party is "necessary" only if it has a legally protected interest, and not merely a financial interest, in the action.  Liberty Mut. Ins. Co. v. Treesdale, Inc., 419 F.3d 216, 230 (3d Cir. 2005) (quoting Spring-Ford, 158 F. Supp. 2d at 483); Micheel v. Haralson, 586 F. Supp. 169, 171 n.4 (E.D. Pa. 1983).  The Defendant claims that Romano has "an interest relating to the subject of the action" because she has a "significant interest in seeing that Plaintiff pay any potential judgement entered against Young," and "disposition of the within action in the absence of Romano may impair or impede her ability to protect this interest."  (Def.'s Br. at 4-5).  Thus, Defendant's assertion that Romano is a necessary party is based exclusively on her interest in

3

being able to recover payment on the insurance policy if she were to prevail in the Underlying Action.  According to Third Circuit precedent in Treesdale, a mere financial interest is insufficient to be considered a "necessary" party under Rule 19.  Therefore, the Court determines that Romano is not a "necessary" party under Rule 19(a), and is by definition not an "indispensable" party under Rule 19(b).  See Janney Montgomery Scott, Inc., 11 F.3d at 404.  Consequently, Defendant has not met his burden of demonstrating that Romano must be joined.[3]

---

[3] The Court notes Defendant's reliance on Vale Chem. Co. v. Hartford Accident and Indem. Co., 516 A.2d 684 (Pa. 1986), to support his argument for dismissal of this action.  In Vale, the Pennsylvania Supreme Court interpreted the Pennsylvania Declaratory Judgment Act to require that where claims are asserted against an insured, those asserting the claims are indispensable parties in a declaratory judgment action to determine coverage between the insured and the insurer.

The Third Circuit in Treesdale, however, interpreted Vale as not announcing substantive principals of law for Pennsylvania courts to apply in insurance coverage disputes.  "Rather, Vale addressed procedural and jurisdictional issues.  Vale stands for the proposition that an injured claimant is an indispensable party in a suit to determine insurance coverage under Pennsylvania's Declaratory Judgement Act."  Treesdale, 419 F.3d at 229; but see Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 354 n.5 (3d Cir. 1988) (citing with approval to Vale in dicta).  The Court goes on to state that "since Vale is a procedural and jurisdictional ruling, Erie does not require the district court to apply Pennsylvania law . . . ."  Treesdale, 419 F.3d at 229.  This Court will follow the Treesdale Court's interpretation of Vale, and conclude that it does not announce substantive principles of law.  Accordingly, the Court need not consider the conclusions in Vale in resolving Defendant's motion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL CASUALTY COMPANY | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  07-CV-04836 |
| CHRISTOPHER YOUNG | : | |
| | : | |
| Defendant | : | |

**ORDER**

AND NOW, this 22nd day of September, 2008, it is hereby ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint for failure to join an indispensable party (Docket No. 9) is DENIED.

IT IS FURTHER ORDERED that Defendant shall file an Answer to Plaintiff's Complaint within ten (10) days of the date of this Order.

BY THE COURT:

*/s/ Thomas M. Golden*
THOMAS M. GOLDEN, J.